# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### STATE OF TENNESSEE v. MARCUS ZERON JONES

**Appeal from the Circuit Court for Maury County**
**No. 22116      Robert L. Jones, Judge**

_____

**No. M2015-02030-CCA-R3-CD – Filed March 31, 2016**

_____

The Appellant, Marcus Zeron Jones, is appealing the trial court's denial of his motion to correct an illegal sentence filed pursuant to Rule of Criminal Procedure Rule 36.1  The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20.  Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J.. and ROBERT W. WEDEMEYER, J., joined.

Marcus Zeron Jones, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

The record on appeal before us reflects that in December 2012 the Appellant was charged with the sale of over 0.5 grams of cocaine in a drug-free school zone.  On May 6, 2014, the Appellant pled guilty and was sentenced as a standard offender to eight years imprisonment.  On September 15, 2015, the Appellant filed a motion to correct an alleged illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1.  The trial court

summarily denied the motion on October 1, 2015. The Appellant timely filed notice of appeal. Following the filing of the record on appeal and the Appellant's brief, the State filed a motion to affirm the ruling of the trial court pursuant to Rule 20. For the reasons stated below, said motion is hereby granted.

Initially, the Court notes that the record on file does not include a copy of the guilty plea. Nevertheless, the Court possesses sufficient information to issue a ruling on the merits. Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.*

If a person is convicted of the sale of cocaine pursuant to Tenn. Code Ann. § 39-17-417, and the sale occurred on the grounds of a school, or within 1000 feet thereof, that person shall be punished one classification higher than is provided in § 39-17-417 (b)-(i). Tenn. Code Ann. § 39-17-432. The sale of more than 0.5 grams of cocaine is a Class B felony (§ 39-17-417(c)(1)), but because the sale in this case took place in a drug-free zone, the charge was elevated to a Class A felony. Although the Appellant was charged with a Class A felony, the record reflects that he pled guilty to a Class B felony and was sentenced as a standard, Range 1 offender to eight years at 100%. *See* Tenn. Code Ann. § 39-17-432(c) (requiring full service of at least the minimum sentence for the appropriate range). The sentencing range for a Class B felony in Range 1 is eight to twelve years. Tenn. Code Ann. § 40-35-112(a)(2). Clearly, the Appellant's eight year sentence at 100% is authorized by the applicable statutes and, thus, not illegal.

The Appellant's attacks against the factual allegations contained in the indictment and any other challenges to the validity of his guilty plea are insufficient to state a

2

colorable claim for relief in a Rule 36.1 motion.  As this Court has emphasized, Rule 36.1 "provide[s] an avenue for correcting allegedly illegal *sentences*.  The Rules does *not* provide an avenue for seeking the reversal of *convictions*." *State v. Jimmy Wayne Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622 (Tenn. Crim. App., Mar. 31, 2014), *perm. to app. denied*, (Tenn., Nov. 19, 2014) (emphases in original).

Accordingly, the ruling of the trial court is hereby affirmed pursuant to Court of Criminal Appeals Rule 20.  Because, however, there is an apparent clerical error in the judgment sheet, the matter is remanded to the trial court for the entry of a corrected judgment reflecting that the indicted offense in count 1 is a Class A felony.

_____
TIMOTHY L. EASTER, JUDGE